

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable B. T. Walters
County Auditor
Smith County
Tyler, Texas

Dear Sir:

Opinion No. O-4467
Re: Commissioners' Courts - Sub-
division 11 of Article 2351,
R. C. S. - County hot lunch
project.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Will you kindly give me an opinion on whether or not the Commissioners' Court can legally expend funds to assist in a community garden for the County Hot Lunch Project for indigent children?

"To clarify this question, our County has been asked to donate $500.00 to help buy work animals, plow tools, feed, fertilizer, and canning equipment for a project that is set up, whereby there is a 22-acre plot on which all vegetables will be expected to be grown and canned in one community for the benefit of all the schools of the county. The WPA will furnish labor to work the garden, as well as to can the products, but each school must furnish its portion of the expense and buy the items such as feed, fertilizer, etc., as set out above.

"Since the schools are not in good financial condition generally, they have asked the County for assistance."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 2351, R. C. S., provides:

"Each commissioners' court shall:

". . .

"11.  Provide for the support of paupers
and such idiots and lunatics as cannot be ad-
mitted into the lunatic asylum, residents of
their county, who are unable to support them-
selves.  By the term resident as used herein,
is meant a person who has been a bona fide
inhabitant of the county not less than six
months and of the State not less than one
year.

". . ."

We quote from conference opinion No. O-3099 of
this department as follows:

"When the Commissioners' Courts were ex-
pressly given the power and duty to 'provide
for the support of paupers,' by necessary im-
plication they were clothed with the authority
to do all the incidental things necessary to
provide for their support.  Just as the power
to erect a courthouse and jail carries with
it authority to acquire a building site.
Moore v. Alred, 277 S. W. 787.  And, just as
the power of general control over all roads,
highways, ferries and bridges, necessarily
implies authority to construct a drainage
ditch to protect such roads, bridges, and high-
ways from flood waters.  El Paso County v.
Elam, supra.  See also, Terrell v. Sparks, 135
S. W. 519.

"Authority to provide food and clothing
for such purposes necessarily includes the
power to possess, store and preserve the same
to that end.  Furthermore, it may be more
economical and desirable to distribute such com-
modities, rather than have the recipients come
or send for the same.  Power to provide such
food and clothing would include the power to
deliver it, and authority to acquire the nec-
essary means of delivery would follow.

"When Commissioners' Courts were burden-ed with the duty of providing support for such persons, they were given the sound discretion of determining those whom they were required to provide for under the terms of the statute. By necessary implication they acquired the power to employ such help as might be necessary to properly sift out those entitled to such relief and to investigate and ascertain the extent and amount of the need.

"The fact that the Federal Government pro-vides the commodities does not, in our opinion, render the authority of the Commissioners' Court of Hunt County any less in the distribu-tion thereof than would be true if the County itself were furnishing such provisions, so far as the State laws are concerned.

"It goes without saying that the discretion residing in the Commissioners' Courts in such matters must be soundly exercised. If the re-cipients of such relief are not so indigent as to fall within the terms of the statute, the Commissioners' Court would be without authority to do any of the things you inquire about. . . ."

We enclose herewith a copy of said opinion for your information.

It is our opinion that the Commissioners' Court would have authority to expend county funds to assist in a community garden as set out in your letter for the county hot lunch project for indigent children only coming within the provisions of Subdivision 11 of Article 2351, R. C. S., supra. In other words, the county has no authority to make contributions for the purposes stated in your inquiry for the benefit of school children generally, but only those or whose parents fall within the classification named in the above quotation taken from our opinion enclosed herewith.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Assistant

APPROVED MAR 14, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:GO

ENCLOSURE

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN